UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DANIEL L. MULLEN, individually and
on behalf of minors T.M., A.M. and R.M.                                    PLAINTIFF

v.                                     No. 5:18-CV-05232

HON. BETH STOREY BRYAN, et al.                                            DEFENDANTS

**OPINION AND ORDER**

Plaintiff[1] has filed a motion (Doc. 3) asking the Court to allow him to proceed in forma pauperis in this action, and to direct service on Defendants. Title 28 U.S.C. § 1915(a) allows the Court to authorize a case to proceed without the payment of fees if a plaintiff is unable to pay those fees. The Court is satisfied that Plaintiff is unable to bear the necessary expenses and his motion to proceed in forma pauperis will be granted. Because Plaintiff is proceeding in forma pauperis, the Court must dismiss the case if at any time it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Plaintiff's case must be dismissed under this section.

The complaint asks the Court to order that Plaintiff receive custody of minors T.M., A.M., and R.M., to overturn the state court's orders, and to award damages. (Doc. 1, pp. 18–19). Except in habeas cases, the Court does not have jurisdiction over challenges to state court judgments like the one here. *King v. City of Crestwood, Mo.*, 899 F.3d 643, 647 (8th Cir. 2018). Furthermore,

---

[1] Plaintiff's complaint identified the three minor children as additional Plaintiffs. Capacity of minors to sue is determined by the law of their domicile. Fed. R. Civ. P. 17(b)(1). As minors domiciled in Arkansas, T.M., A.M., and R.M. do not have capacity to sue on their own, but must sue through their guardian. Ark. R. Civ. P. 17. Accordingly, the Court construes Plaintiff's complaint as one in which Plaintiff, who is the father of the minors, is proceeding as their representative, as well as on his own behalf. Fed. R. Civ. P. 17(c)(1)(A).

1

"[r]eexamination of custody arrangements is a matter which belongs exclusively in state court; domestic relations disputes have been traditionally subject to exclusive state jurisdiction." *Bergstrom v. Bergstrom*, 623 F.2d 517, 520 (8th Cir. 1980). The Court cannot grant the relief requested, and these claims must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

With respect to the damages claims, damages cannot be had against Defendant Bryan because she is entitled to judicial immunity for acts taken within her judicial capacity, and all factual allegations against Defendant Bryan concern the proceedings pending before her. *See Stump v. Sparkman*, 435 U.S. 349, 362 (1978) ("The relevant cases demonstrate that the factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity."). "[C]onduct does not lose its judicial nature solely because a judge has erred or exceeded his authority." *Woodworth v. Hulshof*, 891 F.3d 1083, 1091 (8th Cir. 2018) (citing *Mireles v. Waco*, 502 U.S. 9, 12 (1991) (per curiam)). Because the complaint seeks monetary damages against Defendant Bryan, and she is entitled to judicial immunity, the claims against her must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Damages also cannot be had against Defendants Osbourn and Bruton. The allegations in the complaint regarding these Defendants lay out facts showing that even if any claim for relief against these Defendants arises out of these facts, that claim is inextricably intertwined with the state court decision and the Court cannot hear it. *King*, 899 F.3d at 647. The Court cannot grant relief against these Defendants, and the claims against them must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

IT IS THEREFORE ORDERED that Plaintiff's motion to proceed in forma pauperis (Doc. 3) is GRANTED.

IT IS FURTHER ORDERED that pursuant to 28 U.S.C. § 1915(e)(2)(B), Plaintiff's claims against Defendant Bryan are DISMISSED WITH PREJUDICE and his remaining claims are DISMISSED WITHOUT PREJUDICE. Judgment will be entered accordingly.

IT IS SO ORDERED this 20th day of November, 2018.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE